## STATE, COUNTY OF RAMSEY, v.
## INDUSTRIAL CREDIT COMPANY.

159 N. W. (2d) 774.

June 14, 1968—No. 40,775.

*Jerome B. Simon, James W. Brehl,* and *Maun, Hazel, Green, Hayes, Simon & Aretz,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *William B. Randall,* County Attorney, and *H. A. Gregg* and *Thomas M. Quayle,* Assistant County Attorneys, for respondent.

OTIS, JUSTICE.

The State of Minnesota brings these proceedings to collect from a

chattel mortgagee personal property taxes on heavy-duty road equipment owned by the mortgagor on the date the tax was assessed. The trial court held on the authority of State v. J. P. Sinna and Sons, Inc. 271 Minn. 430, 136 N. W. (2d) 666, that the mortgagee was liable. This appeal is from the judgment in favor of the state.

The facts are not in dispute. On May 1, 1962, the State of Minnesota assessed a personal property tax in the sum of $1,881.40 against J. P. Sinna and Sons, Inc., hereinafter referred to as Sinna, based on the value of equipment owned by Sinna on that date and mortgaged to Industrial Credit Company, hereinafter referred to as ICC. In the fall of 1962, because Sinna was in default on its mortgage, ICC took possession of the mortgaged property and instituted foreclosure proceedings. It acquired possession and title at the foreclosure sale. Thereafter the equipment was sold by ICC to a number of purchasers at public auction.

In January 1964, the state entered judgment against Sinna in the sum of $2,096.37 for the delinquent personal property taxes assessed on May 1, 1962. Execution on the judgment was returned unsatisfied in March 1964. In the process of attempting to collect the tax, the state brought supplementary proceedings under Minn. St. 575.07. To that end it secured an ex parte order directing ICC to appear in district court to disclose what, if any, property it had belonging to Sinna. In support of its motion, an affidavit was filed setting forth the facts which have been related. ICC first appealed from an order denying a motion to vacate the disclosure order. State v. J. P. Sinna and Sons, Inc. *supra.* We held it was not appealable. However, in anticipation of the possibility of contempt proceedings, we nevertheless discussed the issue of whether the affidavit was adequate to support the ex parte order. In that opinion we pointed out that the state's lien was not lost when ICC took possession of the property and held that the affidavit in support of the ex parte order sufficiently established possession in ICC to require a disclosure.

The opinion continued to discuss the ramifications of alternative findings with respect to the regularity of the foreclosure proceedings. In so doing, by way of dictum, our court stated (271 Minn. 436, 136 N. W. [2d] 670):

"Likewise, under an effective foreclosure sale wherein the property was sold to others and the proceeds of such sale delivered to Industrial Credit Company, the proceeds would be subject to the tax lien and judgment described, and execution thereunder to the full extent of the judgment."

The state brought these proceedings against ICC to recover "the proceeds" of ICC's chattel mortgage foreclosure sale. The trial court held in favor of the state, citing as authority the language quoted above. Because we find no statutory authority for allowing recovery against ICC, we reverse.

Personal property taxes imposed under § 272.50 are collectible in the following manner:

"The taxes assessed upon personal property, with lawful penalties, interest, and costs, shall be a first and perpetual lien, superior and paramount to all other liens or encumbrances thereon, except the vendor's interest in conditional sales contracts, whether prior or subsequent in point of time, upon all of the personal property then owned by the person assessed from and including May first in the year in which they are levied, until they are paid; provided, such lien shall not continue on items of personal property sold at wholesale or retail in the ordinary course of business."

Under § 277.03, the tax may be collected out of any "goods and chattels belonging to the person charged with such taxes * * *." The statute makes it clear that personal property taxes may be satisfied in only two ways. The state may secure a personal judgment against the owner on the assessment date by bringing an in personam civil action. Alternatively, the state may secure possession of the property wherever it may be found and foreclose its tax lien. Land O' Lakes Dairy Co. v. County of Wadena, 229 Minn. 263, 275, 39 N. W. (2d) 164, 172. However, nothing in the statute authorizes the state to proceed against either a foreclosing mortgagee or a subsequent purchaser except to the extent it may be necessary to secure possession to satisfy the state's lien.

In this appeal, the state cites no Minnesota authority for permitting recovery against ICC except the quoted language in State v. J. P. Sinna

and Sons, Inc. *supra.* The observation we there made with respect to the right to a lien on the proceeds of the ICC foreclosure sale was not necessary for decision. We relied on State v. Central Trust Co. (8 Cir.) 94 F. 244. However, in that case both the mortgagee and the state appeared in the same proceedings to assert liens against the mortgagor's property. The Federal court held (even in the absence of § 272.50, which had not yet been adopted) that the state's personal property tax lien took precedence over the mortgagee's lien. No issue was raised with respect to the manner in which the tax lien was to be satisfied. The fact that it was ordered paid from the proceeds of the foreclosure sale was simply a procedural device to expedite the state's priority. Hence, the Central Trust case does not support a rule that the state may look for satisfaction of its lien beyond the actual property which is the subject of the tax or other assets which belonged to the person who was owner on the assessment date. Since, in the instant case, the judgment below does not contemplate a foreclosure of the state's tax lien but permits recovery from one who was not the owner on the assessment date, it is not authorized and must be set aside.

Reversed.